908 F.2d 967
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence HARBIN, Plaintiff-Appellant,
v.
CITY OF ALEXANDRIA; Unknown Short Officer; Unknown Taller
Officer, Defendants-Appellees,
and
Gary Leonard, Defendant.
 No. 89-7662.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 8, 1990.
Decided: June 29, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA 88-1494-A).
 L. Peter Farkas, Lyon & Lyon, Washington, D.C., argued for appellant, Lawrence Harbin, Washington, D.C., on brief.
 Oliver Amos Pollard, III, Office of the City Attorney, Alexandria, Va., argued, for appellees. Philip G. Sunderland, Office of the City Attorney, Alexandria, on brief.
 E.D.Va., 712 F.Supp. 67
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant, Lawrence Harbin, was subjected to a stop and frisk by two Alexandria, Virginia, police officers. In this civil action, the appellant asserts that these officers and the City of Alexandria violated his federal and state civil rights when they unlawfully stopped and searched him. The district court granted summary judgment in favor of the defendants on the federal claims brought pursuant to the provisions of 42 U.S.C. Sec. 1983 and dismissed the pendent state claims without prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966). We affirm.
 
 I.
 
 2
 On the night of the incident here in question, the defendant officers, William P. Johnson and Raymon F. Hazel, were on patrol in their police cars. Over the radio a report was issued by another Alexandria officer that he was in pursuit of a black male, about 6'3" tall wearing a blue jacket and old cap, who had just been observed brandishing a firearm in the area patrolled by the defendants. For the next 30 minutes Johnson and Hazel both assisted in the search for the suspect and monitored his movements by listening to dispatch broadcasts.
 
 
 3
 In the vicinity where the suspect had last been seen, both Officer Johnson and Officer Hazel, patrolling in separate units, observed the appellant, a black male, as closely matching the description of the yet to be apprehended suspect. The officers followed the appellant, who was proceeding on foot, until he reached his Alexandria residence. As the plaintiff crossed the threshold of his home, Officer Johnson admonished him to stop and stay where he was. At that time, both officers approached the appellant, who stood on the porch. As he approached, Officer Johnson noticed a silver metal object protruding from the plaintiff's jacket pocket. The object, a stapler, was removed by Johnson because he thought it might be a weapon. Subsequently, Officer Hazel conducted a pat down search of the appellant. Satisfied that the appellant was not the suspect described to them the officers left the area without further incident.
 
 
 4
 After a review of the record before us, we are satisfied that the district court properly granted summary judgment in favor of the defendants on all federal claims, as no violation of a federally protected right is to be found here. The officers were simply doing their job. Accordingly, we affirm the dismissal based upon the opinion of the district court. Harbin v. City of Alexandria, CA-88-1494-A (E.D.Va. April 25, 1989).
 
 AFFIRMED